UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD P. CARVALHO, as Parent and
Natural Guardian of GARRICK P. CARVALHO,
and KENNETH W. HOSKIN, as Parent and
Natural Guardian of KEVIN W. HOSKIN

VS. C.A. No. 06-71ML

DAVID D. COSTA, in his capacity as CHIEF,
CITY OF PROVIDENCE FIRE DEPARTMENT,
and PROVIDENCE FIRE DEPARTMENT

**DEFENDANTS' OBJECTION TO PLAINTIFFS' VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Now come the Defendants in the above entitled matter and hereby object to Plaintiffs' Verified Complaint for Temporary, Preliminary and Permanent Injunctive Relief. Defendants submit the accompanying Memorandum in Support thereof.

DEFENDANTS,

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that on this 16th day of February, 2006, I caused a true copy of the foregoing Motion to be served upon the following listed attorney(s) by ☒ faxing a copy of same, ☐ mailing a copy of same, ☐ hand-delivering a copy of same.

Paul V. Gallogly, Esq.
33 College Hill Road, Suite 20D
Warwick, RI 02886

Carolyn M. Ranucci

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD P. CARVALHO, as Parent and
Natural Guardian of GARRICK P. CARVALHO,
and KENNETH W. HOSKIN, as Parent and
Natural Guardian of KEVIN W. HOSKIN

VS. C.A. No. 06-71 ML

DAVID D. COSTA, in his capacity as CHIEF,
CITY OF PROVIDENCE FIRE DEPARTMENT,
and PROVIDENCE FIRE DEPARTMENT

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

## I. Statement of Facts

The City of Providence trains its own firefighters in a fire training academy. The City recently finished a recruitment drive for the 47th Training Academy. Applications were accepted from October 3, 2005 through December 2, 2005.

The requirements for appointment to the school are found in Section 3 of Regulation 9 of the Providence Fire Department's Regulations Governing the Operation of the Division of Training, which is attached hereto as Exhibit A.

Section 3 provides:

> To be eligible for appointment to this school, a person shall comply fully with the provisions hereinafter set forth. Furnish documentary proof acceptable to the Director of Training that:
>
> (a) That he/she is an American citizen
> (b) That he/she has attained his/her eighteenth birthday
> (c) That he/she has completed high school or the equivalent thereof

(d) That, if he/she at any time served with the armed forces of the United States of American, he/she received some form of honorable discharge or release therefrom

Candidates must be eighteen (18) years of age at the time they apply.

The application (a copy of Plaintiff Carvalho's is attached hereto as Exhibit B) must be returned to the Fire Department in person and signed in the presence of a member of the Fire Department. (A copy of the Firefighter Application Instructions is attached hereto as Exhibit C.) At the time the application is filed, the physical application is placed in a box to be checked to ensure that the application is correct. If the applicant does not meet the requirements, he/she is sent a letter advising that they are ineligible. If the application is incomplete, the applicant is sent a letter stating so. If the application is complete, the applicant is sent a letter stating so.

Those applicants who have met the requirements then take the written examination. Those who pass the written exam go on to the physical agility test. Those who pass the physical agility test are placed on a list of qualified applicants for potential appointment to the school subject to BCI and psychological examinations.

In this case, the applicant submitted an incomplete application as is evidenced by Exhibit B. He did not present a driver's license and did not present a high school diploma or GED because he had yet to graduate from high school.

At the time Plaintiff Carvalho submitted his application he was 17 years of age and will not be 18 until June 17, 2006. When Carvalho submitted his application, Captain James Creighton informed him that he was unsure if an applicant had to be 18 at the time of the application or as of the time he/she begins and that he would put the

Plaintiff's application aside and seek clarification. One other individual was told the same.

It had previously been decided that the Department would only accept applications from those who had attained the age of 18. Subsequently, Captain Creighton received clarification of this.

Plaintiff Carvalho was erroneously sent two letters, one of which is attached as Exhibit D. That one was dated January 5, 2006, announcing the written test. Another letter, attached hereto as Exhibit E, also dated January 5, 2006, informed him that his application was complete. Both were mistakenly sent out.

On January 30, 2006, Plaintiff Carvalho was sent a letter stating he had been disqualified because he had not attained the age of 18 by the end of the application period. (A copy of the letter is attached hereto as Exhibit F). This lawsuit followed.

When Plaintiff Kenneth Hoskin filed his application on November 14, 2005, he was told that applications of people who were not eighteen (18) years of age were not being accepted. (A copy of Hoskin's application is attached hereto as Exhibit G). He insisted on a letter of rejection. Rather than write a letter of rejection on the spot, Chief Joyce directed that Hoskin be told the Department would take the application at that time and send him a letter of rejection, which they did on January 30, 2006. (A copy of that letter is attached hereto as Exhibit H).

This lawsuit followed.

## II. Statement of the Law

The four factors to be considered for a Motion for a Temporary Restraining Order are: (1) probability of irreparable harm; (2) probability of success on the merits; (3) a

balancing of the parties' interest and (4) preservation of the status quo. Silva v. East Providence Housing Authority, 390 F. Supp 691 (1975) at 695.

## III. Argument

### A. The Plaintiffs do not face irreparable harm.

The threat of irreparable harm is an important prerequisite for preliminary injunctive relief. National Tank Truck Carriers, Inc. v. Burke, 608 F.2d 819, 824 (1st Cir. 1979). A Plaintiff's alleged injuries are not irreparable if the injuries can be compensated adequately by an award of money damages. Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981), cert. denied. 455 U.S. 921 (1982); SW Industries, Inc. v. Aetna Cas. & Sur. Co., 646 F.Supp. 819, 822 (D.R.I. 1986).

In the instant case, the Plaintiffs do not face irreparable harm. Simply because they cannot take the current test does not mean they cannot take future tests when they have reached the age of majority. The 47th Training Academy will certainly not be the Department's last one. There will be other opportunities. Moreover, if the Plaintiffs prevail, they can sue for lost wages and benefits.

### B. The Plaintiffs do not have a probability of success on the merits.

The gravamen of Plaintiff's Complaint is that the City's requirement that applicants for admission to the Fire Training Academy be 18 years of age deprives one of both equal protection and due process under the 14th Amendment to the United States Constitution. This is an age classification case.

Where a statutory scheme adopts a classification that neither burdens a suspect class nor impinges on a fundamental right, the classification will withstand an equal protection challenge if it is rationally related to a legitimate state purpose. Hoffman v.

City of Warwick, 909 F.2d 608, 622 (1st Cir. 1990). "When a state distributes benefits unequally, the distinctions it makes are subject to scrutiny under the equal protection clause . . . . Even where the governmental goal is legitimate, the government may not use arbitrary and irrational classifications to achieve its ends." Id.

In the instant case, the only classification being challenged is the age classification. Since that is not a suspect class, the question is whether or not the classification is rationally related to a legitimate state purpose.

In Rhode Island, 18 is the age of majority. R.I.G.L. § 15-12-1 provides:

> **§ 15-12-1 Persons of full age.** - (a) Notwithstanding any general or public law or provision of the common law to the contrary, all persons who have attained the age of eighteen (18) years shall be deemed to be persons of full legal age.
>
> (b) These persons shall have all the duties and obligations, rights, and privileges imposed or granted by law upon these persons who have previously attained the age of twenty-one (21) years.

One of the documents applicants have to sign is the Attestation Form, p. 4 of Exhibit B. That is both a release and contract. Minors such as the Plaintiffs do not have the capacity to sign releases for themselves. Minors do not have the capacity to sue as evidenced by this case. The Plaintiffs in this case are the fathers, who are two current Providence firefighters, of the applicants. The applicants do not have the capacity to sue.

Under Rhode Island law, minors can disaffirm their own contracts. See Hamrick v. Hospital Service Corporation of Rhode Island, 296 A.2d 15 (R.I. 1972).

The reasoning behind this rule is that society has a paramount concern to protect a child from his own improvidence even if such problem results in hardship or economic

loss to another. Id, citing McGuckian v. Carpenter, 43 R.I. 94, 110 A.402 (1920), Rotondo v. Kay Jewelry Co., 184 R.I. 292, 123 A.2d 404 (1956).

This is obviously problematic for the defendants. The Plaintiffs can legally disaffirm the release, leaving the City open to liability.

The applicants are also required to sign a release for the physical agility test which will be held in April. Neither of the Plaintiffs will be 18 at that time, either. The Plaintiffs could disaffirm that release also, again leaving the City open to liability.

The State of Rhode Island has various statutes regarding age requirements. For example, R.I.G.L. § 16-2-27 provides:

> **§ 16-2-27 Eligibility for attendance - Kindergarten. –** Every child who has attained or will have attained five (5) years of age on or before September 1 of any school year shall be eligible to attend kindergarten during all the days that the kindergartens are in session during the school year.

Someone who is born a day later, September 2, is ineligible.

R.I.G.L. § 16-2-28 provides

> **§ 16-2-28 Eligibility for attendance - First grade [Effective January 1, 2006].** - Every child who has completed or will have completed six (6) years of life on or before September 1 of any school year shall be eligible to attend first grade during all the days that the public schools are in session during the school year. Every child shall be eligible to attend first grade only upon completion of a state recognized or accredited kindergarten program.

Anyone who has completed 6 years of life on September 2 of any school year is ineligible to attend first grade.

These are examples of age classifications under state law that have not been struck down. The City's classification of 18 to apply to be a firefighter is in the same vein.

To put it in the vernacular, where do we draw the line on age for any government job applicants?

States may discriminate on the basis of age without offending the Fourteenth Amendment's Equal Protection Clause if the age classification in question is rationally related to a legitimate state interest. Donahue v. City of Boston, 37 F.3d 7 (1st Cir. 2004), (citing Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83, 120 S.Ct. 631, 145 L.Ed. 2d 522 (2000) ) .

A court will not overturn an age classification so long as the state articulates some reasonably conceivable state of facts that could provide a rational basis for the classification. Id, (citing FCC v. Black Communications, Inc., 508 U.S. 307, 313, 113 S.Ct. 2066, 124 L.Ed 2d 211 (1993) ).

Moreover, those facts need not be supported by the evidentiary record. Id, citing Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 47 (1st Cir. 2003).

Any plausible justification will suffice and effectively ends the analysis. Id, (citing Starlight & Sugar, Inc. v. Soto, 253 F.3d 137, 145 (1st Cir. 2001) ).

The party challenging the constitutionality of the age classification bears the burden of negating the conceivable basis which might support it. Id, (citing FCC v. Beach Communications, Inc., 508 U.S. 307, 113 S.Ct. 2096, 126 L.Ed 2d 211 (1993) )

There are many cases in which age classification has been found to be constitutional.

In Donahue v. City of Boston, 371 F.3d 7 (1st Cir. 2004), an applicant for the Boston Police Department challenged the Massachusetts statute that prohibited the hiring of police officers over the age of 32. The Court granted the Defendant's motion for summary judgment and the Plaintiff appealed. The court held that the statute passed constitutional muster because it was rationally related to a legitimate state interest: the encouragement of a long-term commitment to the Department.

In Correa-Ruiz v. Calderon-Serra, 2005 WL3578780 (D. Puerto Rico, 2005), four Puerto Rican police officers who had involuntarily retired after attaining the age of 55 sued the Commonwealth and Police Department, alleging the law requiring retirement at age 55 violated equal protection and due process. The court granted the Defendants' motion to dismiss on the basis they failed to prove the statute was irrational.

Plaintiffs challenging age classification under the 14th Amendment bear a heavy burden.

There is no requirement the age classification and the legitimate interests they serve be matched with razor like precision. Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed 2d 522 (2000). As to age classifications, they will be overturned only when the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that it can only be concluded that the government's actions were irrational. Id.

An age classification is presumptively rational. Id.

In the instant case, the City needs to have valid releases and contracts from its applicants. That insulates the City from lawsuits from applicants who get injured while being tested. That is a legitimate purpose.

Neither of the applicants will have attained the age of majority during the written and physical examinations. Any releases they sign can be disaffirmed by them.

What was said as happened individually to the Plaintiffs is irrelevant. See Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed 2d 522 (2000).

The Constitution does not preclude reliance on age as a proxy for other qualities, abilities or characteristics that are relevant to the State's legitimate interests. If age proves to be an inaccurate proxy in any individual case is irrelevant. There is no violation of its equal protection clause merely because the classifications are imperfect. Id.

**C. The age classification is not a violation of substantive due process.**

The substantive component of the due process clause prohibits a state or local government from arbitrarily and capriciously depriving a person of a constitutionally protected interest. Amsden v. Moran, 904 F.2d at 753-54. A violation of substantive due process may occur even if the procedures employed pass constitutional muster. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 531 (1st Cir. 1995) (quoting Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 665 {1986}); cert denied, 516 U.S. 1159, 116 S.Ct. 1044 (1996).

However, since the "arbitrary and capricious" standard can be somewhat subjective, it must be applied with "caution and restraint." Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Moore v. East Cleveland, 431 U.S. 494, 502, 97 S.Ct. 1932, 1937 {1977}). In order to constitute a substantive due process violation, "some basic and fundamental principle [must be] transgressed." Amsden, 904

F.2d at 754. Moreover, "the requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." Id at 754 n.5.

In order to prevail on their substantive due process claim, the Plaintiffs must establish:

1. that they have a constitutionally protected property interest in government; and
2. that the Defendants' age classification is arbitrary and capricious.

Substantive due process protects individuals against state action that appears shocking or violative of universal standards of decency. Furtado v. Bishop, 604 F.2d 80 (1st Cir. 1979), cert denied, 444 U.S. 1035, 1005 ed. 710, 62 L.Ed 2d 692 (1980).

It should also be noted that substantive due process claims are disfavored. Tenaco Oil Co. v. Department of Consumer Affairs, 876 F.2d 1013 (1st Cir. 1989).

In the instant case, the Plaintiffs cannot point to any constitutionally protected property interest in employment. There is no constitutional right to government employment.

Thus, their claim fails at the outset.

Even if there were a constitutional right to public employment, the claim would necessarily fail.

There is nothing arbitrary and capricious about using the age of majority for the required age for applications.

As stated previously, the City needs adult applicants who can sign valid releases and contracts. Otherwise, the applicants can renounce releases and contracts and sue the City, giving them the best of both worlds.

**D. Granting a restraining order will cause more harm to the City than denying it will clause to the Plaintiff**

If the Court orders the Plaintiffs into the school, the City will have no protection from suit as to any injuries the Plaintiffs might suffer in the course of the testing.

Moreover, the written test may be scored on a bell curve.

If that is the case, and the Plaintiffs are allowed to take the test and later found that they should not have taken it, that would change the scores of other candidates and possibly make a difference as to who passes and doesn't pass. It would also open the door to candidates who failed the test to challenge the test as being invalid because the removal of the Plaintiffs' tests would skew the results. Such a move could change both the median and mean scores and skew the results of the test.

Moreover, this opens the door to other 17 year olds who were rejected to file suit. It is unknown how many other 17 year olds were rejected by phone and/or in person, and there are no records of other 17 year olds who showed up only to be told they were ineligible.

On the other hand, the Plaintiffs can continue to seek relief through this lawsuit and apply for future schools.

**E. The status quo should be maintained**

The status quo is that one must be the age of majority to apply for the Providence Fire Department. Applicants have relied on that and many people under age 18 have not applied because of it. The scoring of the written test that will be in question if the Plaintiffs are allowed to take the test and later it is found that they should not have been allowed to. Granting a mandatory injunction to the Plaintiffs will upset the status quo.

## Conclusion

The Plaintiffs have a heavy burden under the law to rebut the presumption of rationality. Protecting the City from lawsuits from applicants and ensuring the documents are legal, valid and binding is a legitimate government purpose. The way to achieve that is to require that only adults sign such documents.

The Plaintiffs in this case are trying to make an end run around the age of majority requirement and are really asking for an exception to be made for them alone.

The Court should uphold the age classification and deny the motion for a temporary restraining order.

DEFENDANTS,

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)

## CERTIFICATION

I hereby certify that on this 16th day of February, 2006, I caused a true copy of the foregoing Motion to be served upon the following listed attorney(s) by ☒ faxing a copy of same, ☐ mailing a copy of same, ☐ hand-delivering a copy of same.

Paul V. Gallogly, Esq.
33 College Hill Road, Suite 20D
Warwick, RI 02886

Carolyn M. Ranucci