UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD P. CARVALHO, as Parent and Natural Guardian of GARRICK P. CARVALHO, And KENNETH W. HOSKIN, as Parent and Natural Guardian of KEVIN W. HOSKIN Plaintiffs | : | |
| vs. | : | C. A. NO. 06-71 ML |
| DAVID D. COSTA, in his capacity as CHIEF, CITY OF PROVIDENCE FIRE DEPARTMENT, And PROVIDENCE FIRE DEPARTMENT Defendants | : | |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff, Gerald P. Carvalho, as parent and natural guardian of Garrick P. Carvalho, and Plaintiff, Kenneth W. Hoskin, as parent and natural guardian of Kevin W. Hoskin, hereby move this Court for a temporary restraining order against the Defendants, their officers, servants, employees and agents, and all persons acting in concert with them from a) disqualifying the application of Plaintiffs Garrick P. Carvalho and Kevin W. Hoskins to be employed as a firefighters for Defendant Providence Fire Department, and b) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from taking the Written Examination for the City of Providence Firefighters Training Academy scheduled to be administered on February 18, 2006, and c) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from participating in the remainder of the Application and Selection Process for acceptance into the Providence Firefighter Training Academy based solely on their age at the end of the application period.

In support of its motion, Plaintiffs relies on its Memorandum of Law comtemporaneously filed herewith and the Verified Complaint previously filed in this matter. Plaintiffs also rely on whatever further documentary or testimonial evidence and argument as may be offered at the time of hearing on this matter.

PLAINTIFFS,
GERALD P. CARVALHO, as Parent and Natural Guardian of GARRICK P. CARVALHO, and KENNETH W. HOSKIN, as Parent and Natural Guardian of KEVIN W. HOSKIN,

By their Attorney,
PAUL V. GALLOGLY, LTD.

PAUL V. GALLOGLY, ESQ. #2003
33 College Hill Road
Suite 20 D
Warwick, RI 02886
401-822-1800 (phone)
401-822-1879 (facsimile)

**CERTIFICATION**

I hereby certify that on the 16th day of February, 2006, I caused a true copy of the within Motion to served on Kevin F. McHugh, Esquire, Senior Assistant City Solicitor, Providence Law Department, 275 Westminister Street, Suite 200, Providence, RI 02903 by faxing a copy to him.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD P. CARVALHO, as Parent and Natural Guardian of GARRICK P. CARVALHO, And KENNETH W. HOSKIN, as Parent and Natural Guardian of KEVIN W. HOSKIN<br>Plaintiffs | : | |
| vs. | : | C. A. NO. 06-71 ML |
| DAVID D. COSTA, in his capacity as CHIEF, CITY OF PROVIDENCE FIRE DEPARTMENT, And PROVIDENCE FIRE DEPARTMENT<br>Defendants | : | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR**
**MOTION FOR A TEMPORARY RESTRAINING ORDER**

**INTRODUCTION AND APPLICABLE LAW**

This matter is before this Court on the Motion of Plaintiff, Gerald P. Carvalho, as parent and natural guardian of Garrick P. Carvalho, and Plaintiff, Kenneth W. Hoskin, as parent and natural guardian of Kevin W. Hoskin, for a temporary restraining order against the Defendants, their officers, servants, employees and agents, and all persons acting in concert with them from a) disqualifying the application of Plaintiffs Garrick P. Carvalho and Kevin W. Hoskins to be employed as a firefighters for Defendant Providence Fire Department, and b) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from taking the Written Examination for the City of Providence Firefighters Training Academy scheduled to be administered on February 18, 2006, and c) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from participating in the remainder of the Application and Selection Process for acceptance into the 47th

Providence Firefighter Training Academy based solely on their age at the end of the application period.

The underlying complaint in this case is a civil action for injunctive relief. The Plaintiffs are residents of the State of Rhode Island who have filed applications with the Defendant Providence Fire Department for employment as firefighters.

Plaintiffs seek to challenge the constitutionality of Defendants' application requirements for employment as a firefighter with the Providence Fire Department and Defendants' disqualification of Garrick P. Carvalho and Kevin W. Hoskin as applicants for employment as firefighters with the Providence Fire Department. Defendants have disqualified Plaintiffs' application because they "...did not obtain [sic] the age of 18 by end of application period." (Exhibits 1 and 2, respectively). The original application period ended November 14, 2005. That application deadline was extended by Defendants to December 2, 2005.

Plaintiffs allege that Defendants' action in disqualifying them from applying for employment as firefighters with the Providence Fire Department is in violation of their equal protection and due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. In assessing Plaintiffs' equal protection claim, the court looks to whether the application requirement imposed on applicants is rationally related to a legitimate governmental purpose. *Munteanu v. City of Barberton*, 655 F. Supp. 1357 (N.N.Ohio 1987), citing *Massachusetts Board of Retirement v. Mungia,* 427 U.S. 307, 96 S.Ct.2562 (1976); *Francke v. U.S. Dept. of the Treasury,* 721 F.Supp. 47 (S.D.N.Y. 1989), citing *Mungia, supra*, and *Doyle v. Suffolk County,* 786 F.2d523 (2nd Cir.1986).

Plaintiffs' due process claims rest on the principle that under the Fourteenth Amendment to the Constitution a municipality cannot deprive a person "property" without due process of law. *Ardito v. City of Providence,* 263 F.Supp.2d 358 (D. RI 2003). The due process clause provides both substantive and procedural protections to individuals; it protects against arbitrary and capricious

actions by a municipality (substantive due process) and requires fundamental fairness in the methods employed by the municipality (procedural due process). *Id.* at 368.

In accordance with accepted law, Plaintiffs will demonstrate that the temporary restraining order should issue because they have a likelihood of success on the merits, the Plaintiffs will be irreparably harmed if the injunction is not granted, the injury to Plaintiff outweighs any harm which granting the injunctive relief would inflict on the Defendants, and, lastly, the public interest will not be adversely affected by granting the injunction.

**A. LIKELIHOOD OF SUCCESS ON THE MERITS**

Defendants' identical letters of disqualification to Plaintiffs, dated January 30, 2005, mailed February 3, 2005 and received February 4, 2005, fail to cite any City ordinance or Fire Department rule or regulation which requires that an applicant for employment as a firefighter must be 18 years old at the end of the application period. (See, Exhibits 1 and 2). In fact, Defendants accepted the applications of both plaintiffs before the original November 14, 2005, application deadline knowing that they were minors at that time. Both Plaintiffs were 17 years old at the time they submitted their applications. Plaintiff Garrick P. Carvalho will be 18 on June 17, 2005. Plaintiff Kevin W. Hoskin will be 18 on May 10, 2005.

Here, the Defendants have imposed a requirement on Plaintiffs that bears no rational relation to a legitimate governmental purpose. They have created categories of applicants that are arbitrary and capricious, and, furthermore, have not uniformly enforced their own "Application Requirements."

To Plaintiffs' knowledge, the only rationale offered by the Defendants for requiring that applicants be 18 years old at the end of the application period is that 18 is the age of majority. That reason begs the question: What legitimate governmental purpose is served by requiring an applicant to be 18 years old by the end of the application period? First, it must be recognized that the

application deadline is an arbitrary date. It is a moveable target that marks an applicant as "unqualified" one day but "qualified" the next. During the initial application period, any applicant born between November 15, 1998 and December 2, 1998 was "disqualified"; however, when the application period was extended to December 2, 2005, by Defendants, that same applicant's disqualification was automatically removed and he or she became "qualified."

Presumably, the Defendants chose the age of 18 as the benchmark because that is the age at which individuals can legally enter into contracts. That too bears no rational relation to the filing of an application for employment. Neither the Defendants nor the Plaintiffs are obligated to make an offer of employment or accept an offer of employment when the application is filed. In fact, the Recruitment Booklet (Exhibit 3) makes it clear that the application process is but one of several steps that potentially can lead to acceptance into the Providence Firefighters Training Academy. There is no legal impediment to Plaintiffs filing an application for employment at age 17, or taking a Written Examination in connection with that application, or undergoing a Physical Abilities Test. The only date that has any rational relationship to a legitimate governmental purpose is the date on which the Providence Fire Fighters Training Academy starts.

Thirdly, Defendants, by their own "Application Requirements", confirm that the only date which bears any rational relationship to a legitimate government purpose is the start date of the Providence Fire Fighters Training Academy. According to their Application Requirements contained in their Recruitment Booklet (Exhibit 3), the Academy start date, not the end date for filing applications, controls the date by which an applicant:

a. must be a United States citizen and

b. must have received either a High School Diploma or GED certificate.

In both of those cases, an applicant is allowed to submit an application, take the Written Examination, take the Physical Abilities Test, and undergo drug testing, medical examinations and a Police background investigation, even though he or she is not a U.S. citizen, does not have a high

school diploma and does not have a GED certificate.

Moreover, although one of the "Application Requirements" set forth in the Recruitment Booklet is that an applicant have "No Criminal Convictions", the Defendants have deviated from that requirement and permit convicted criminals to submit applications, take the Written Examination, take the Physical Abilities Test, and undergo drug testing, medical examinations and a Police background investigation. Defendants allow convicted criminals the opportunity to do everything necessary to qualify for the Training Academy in the hope that they will be able to get their criminal record expunged by the start of the Training Academy. (See Exhibit 4, Letter of January 5, 2005 to Plaintiff Garrick R. Carvalho).

What is the legitimate governmental purpose that is served by establishing that one requirement (age) must be met at the application deadline, while allowing other requirements (U.S. citizenship, high school diploma or GED certificate, and criminal record expungement) to be met as of the start date for the Training Academy? The answer is "None". Especially when, absent an unexpected tragedy, it is a certainty that applicants who are minors will reach their majority on a given date, whereas it is speculative as to whether applicants will become U.S. citizens, get a high school diploma or GED certificate, or have their criminal record expunged before the Training Academy starts.

Because defendant's age classification is not rationally related to any legitimate governmental purpose, it violates the equal protection clause of the Fourteenth Amendment.

As to plaintiffs' due process claim, Plaintiffs recognize that there must be a constitutionally-protected property interest at issue before the due process protection are implicated. As stated in *Ardito, supra*, "...the relevant inquiry is whether there are "rules or mutually explicit understandings that support [the] claim of entitlement to the benefit." *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2964, 33 L.Ed.2d 570 (1972)" (remaining cites omitted). *Ardito,263 F.Supp.2d at 369*. In this case, the action of Defendants in accepting Plaintiffs' applications knowing full well that they were

minors, permitting them to register for and participate in Test Preparation Classes as late as February 4, 2006, and waiting from November to January 30th before "disqualifying" them, raises their claim to the level of a constitutionally-protected property interest.

Plaintiffs certainly were not granted procedural due process. No notice or opportunity to be heard was given before they were summarily disqualified. Plaintiffs were given no reason why the age of majority was required at the end of the application period but other requirements were placed in a different category and deferred by Defendants until the start of the Training Academy. Furthermore, the Defendant's deviation from its own "Application Requirment" as it relates to criminal convictions and its refusal to grant Plaintiffs the same consideration with respect to their age is arbitrary and capricious. Likewise, the extension of the filing deadline shows the age of majority requirement to be completely arbitrary when it is linked to the end of the application period and not to the start date of the Training Academy.

## B. IRREPARABLE HARM

In a case very similar to the case at bar, Chief Judge Torres stated the standard to be applied when requesting injunctive relief:

> A preliminary injunction is appropriate only where there would be no adequate remedy at law available to the party seeking the injunction if that party ultimately prevails. *Ardito,* 263 F. Supp. 2d at 372.

The same reasoning that applied in *Ardito* in assessing irreparable harm applies to this case. The Plaintiffs seek only an opportunity to participate in the application and selection process for the 47th Providence Firefighters Training Academy. In order to qualify for acceptance into that Academy, or any other future Academy, the Plaintiffs **must** take the Written Examination scheduled for Saturday, February 18, 2006. If they successfully pass that examination, they must then undergo other tests and screening, including physical abilities testing, drug screening, medical examination

and police background investigation, before they can be even be considered for acceptance into the 47th Training Academy.

However, if the Plaintiffs are prohibited from taking the Written Examination on February 18th, they will not be eligible for consideration for the 47th Training Academy or any other Academy that is conducted by Defendants for those applicants who qualified from the current pool of applicants. If Plaintiffs are denied this opportunity, it could be years before they get to submit another application for employment as a Providence firefighter.

The last period during which the Providence Fire Department accepted applications for employment as a firefighter was in May of 2000. From that pool of applicants, the Defendants selected candidates for two Training Academies: the 45th Providence Firefighters Training Academy which ran from March 2001 to August 2001; and the 46th Providence Firefighters Training Academy which ran from March 2002 to August 2002. **There have been no Training Academies since the completion of the 46th Training Academy in 2002.** If past history is any indication of future hiring needs, it is very likely that the Defendants will not run at least two Training Academies from the current pool of applicants and that they will not accept any applications for employment as firefighters for another five or six years.

**It is likely that, if the plaintiffs are not permitted to participate in the application process this year and take the Written Examination on Saturday, then they will not even be able to submit an application for employment as a Providence firefighter until 2011 or 2012.** As the court concluded in *Ardito*, "...it would be impossible to restore their lost seniority rights or to attach a dollar value to that loss." *Ardito,* 263 F.Supp.2d at 372. Consequently, "...the plaintiffs, if successful, will be irreparably harmed if they are excluded from the 61st Academy. *See Bertoncini,* 767 F.Supp.at 1197." *Ardito,* 263 F.Supp.2d at 372.

Likewise, these Plaintiffs will suffer irreparable harm if injunctive relief is not granted.

### C. EQUITIES FAVOR THE PLAINTIFF

In analyzing the third factor considered for granting a temporary restraining order, it is clear that the equities favor the Plaintiff. While the Plaintiff will suffer irreparable harm if the injunction is not granted, no harm will be suffered by the Defendants if the injunction is granted. Permitting the Plaintiffs to take the Written Examination and participate in the remainder of the selection process does not commit the Defendants to accept either Plaintiff into the 47th Training Academy, nor does obligate Defendants to hire Plaintiffs. As in *Ardito, supra*, there is no harm to Defendants by the granting of the injunctive relief sought.

### D. PUBLIC INTEREST

There is no evidence that can be offered to demonstrate that the public interest will be adversely affected if the injunctive relief requested is granted. In fact, the public interest will be served by including the Plaintiffs in the selection process. The public has an interest is seeing that the best candidates are selected for the Training Academy and that all applicants are treated fairly and even-handedly. In the case of Plaintiff Garrick P. Carvalho, the public and the Defendants have the additional interest in seeing that minority candidates are given the opportunity to become firefighters and serve the City in which they reside. Chief Judge Torres reached that same conclusion in *Ardito, See,* 263 F.Supp.2d at 373.

## CONCLUSION

Because Plaintiffs have a likelihood of success on the merits, will suffer irreparable harm if the restraining order is not granted, their injury outweighs any harm which granting injunctive relief would inflict on the Defendants, and the public interest will not be adversely affected, this Court should issue a temporary restraining order against the Defendants, their officers, servants, employees and agents, and all persons acting in concert with them from a) disqualifying the application of

Plaintiffs Garrick P. Carvalho and Kevin W. Hoskins to be employed as a firefighters for Defendant Providence Fire Department, and b) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from taking the Written Examination for the City of Providence Firefighters Training Academy scheduled to be administered on February 18, 2006, and c) preventing or prohibiting Plaintiffs Garrick P. Carvalho and Kevin W. Hoskin from participating in the remainder of the Application and Selection Process for acceptance into the Providence Firefighter Training Academy based solely on their age at the end of the application period.

PLAINTIFFS,
GERALD P. CARVALHO, as Parent and Natural Guardian of GARRICK P. CARVALHO, and KENNETH W. HOSKIN, as Parent and Natural Guardian of KEVIN W. HOSKIN,

By their Attorney,
PAUL V. GALLOGLY, LTD.

PAUL V. GALLOGLY, ESQ. #2003
33 College Hill Road
Suite 20 D
Warwick, RI 02886
401-822-1800 (phone)
401-822-1879 (facsimile)

**CERTIFICATION**

I hereby certify that on the 16th day of February, 2006, I caused a true copy of the within Motion to be served on Kevin F. McHugh, Esquire, Senior Assistant City Solicitor, Providence Law Department, 275 Westminister Street, Suite 200, Providence, RI 02903 by faxing a copy to him.